# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| Martin Woodall, and § | | |
| Julie Woodall, § | | |
| § | | |
| Plaintiffs, § | | |
| VS § | Civil Action No. 4:16-cv-160 | |
| § | | |
| Hyundai Motor Company, Ltd., and § | | |
| Hyundai Motor America, § | | |
| § | | |
| Defendants. § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

COMES NOW, MARTIN WOODALL AND JULIE WOODALL, (hereinafter referred to as "Plaintiffs"), and respectfully files this Original Complaint against HYUNDAI MOTOR COMPANY, LTD. and HYUNDAI MOTOR AMERICA, **(**hereinafter referred to as "Defendants"), and in support thereof would state and show the following:

### A. Parties

1. Plaintiffs, Martin Woodall and Julie Woodall are married. Plaintiffs are residents of Melissa, Collin County, Texas.

2. Defendant, Hyundai Motor Co., Ltd., is a foreign corporation doing business in Texas, and service of process upon this Defendant may be had by serving its President at 231 Yangjae-Dong, Seocho-Gu, Seoul 137-938, Korea, or wherever he may be found.

3. Defendant Hyundai Motor America is a foreign corporation doing business in Texas and service of process of this Defendant may be had by serving its registered agent for service, National Registered Agents, Inc., 16050 Space Center, Suite 235, Houston, Texas 77062 or wherever they may be found.

## B. Jurisdiction

4. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties of this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## C. Facts

5. On or about September 4, 2015, Martin Woodall was driving a 2008 Hyundai Accent (VIN #KMHCN46C28U261105), traveling southbound on CR 341 in Collin County, Texas, when his vehicle was struck by a northbound vehicle being driven by Teddi Clayton.

6. At the time of the accident, Martin Woodall was properly seat and wearing his seat belt.

7. Despite being properly restrained, Martin Woodall suffered serious injuries when his vehicle failed to protect him.

## D. Causes of Action as to Defendants
## Hyundai Motor Co., Ltd., and Hyundai Motor America

8. It was entirely foreseeable to and well-known by Defendants that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

9. The injuries complained of occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

10. Defendants, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question. As such, Defendants were negligent in the design, manufacture, assembly, marketing, and/or testing of the vehicle in question.

11. Defendants either knew or should have known of at least one safer alternative design which would have prevented the accident and/or the injuries complained of herein.

12. Defendants, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of

defects:

    a.    The vehicle fails to provide adequate protection to the lower legs;

    b.    The vehicle fails to provide adequate safety during narrow frontal offset impacts;

    c.    The vehicle fails to provide adequate restraint during narrow frontal offset impacts;

    d.    The vehicle fails to provide adequate protection during narrow frontal offset impacts;

    e.    The vehicle fails to provide adequate safety during narrow frontal offset impacts;

    f.    The vehicle allows a restrained occupant to strike the A-pillar during narrow frontal offset impact;

    g.    The vehicle fails to provide adequate side airbag coverage such that a restrained occupant's head can strike the A-pillar;

    h.    The vehicle's side curtain fails to provide proper restraint;

    i.    The vehicle's windshield failed and caused massive cuts to a restrained occupant;

    j.    The vehicle lacked safer alternative designed that would have prevented or minimized the seriousness of the injuries, including:

        1.    Knee airbags;

        2.    Narrow frontal offset structural designs;

        3.    Improved windshield bonding; and

        4.    Full coverage side curtain airbags.

    k.    The vehicle was not tested to evaluate narrow frontal offset accidents;

    l.    The vehicle was not tested with load cells to evaluate lower leg loads; and

    m.    The defects and negligence were the producing and proximate cause of the injuries in question.

13.    Defendants were negligent in the design, manufacture, assembly, marketing, and/or testing of the vehicle in question.

14.    The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of Martin Woodall's serious injuries.

15. The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of the Plaintiffs' damages.

### E. Damages to Plaintiffs

16. As a result of the act and/or omissions of the Defendants, Plaintiffs have endured pain and suffering, extreme emotional distress, interference with their daily activities, and a reduced capacity to enjoy life in the past and, in all likliehood, will into the future as a result of Martin Woodall's serious injuries.

17. As a direct and/or proximate result of the above-referenced acts and/or omissions of the Defendants, Plaintiffs have suffered damages. The effects of the injuries continue to manifest in the present, and will likely continue into the future.

18. As a result of the acts and/or omissions of the Defendants, Plaintiffs have suffered past and future: loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the injuries to Martin Woodall.

19. The damages that Plaintiffs seek include, but are not limited to, the following:

  a. Past, present, and/or future extreme emotional distress;
  b. Past, present and/or future pain and suffering;
  c. Past, present and/or future mental anguish;
  d. Past, present and/or future disfigurement;
  e. Past, present and/or future physical impairment;
  f. Past, present and/or future loss of income;
  g. Past, present and/or future earnings;
  h. Past, present and/or future earning capacity;

      i. Past, present and/or future enjoyment of life;
      j. Past, present and/or future household services;
      k. Past, present and/or future consortium;
      l. Past, present and/or future interference with their daily activities; and/or
      m. Past present and/or future loss of care, maintenance, support, services, advice, counsel, reasonable contributions of pecuniary value, loss of companionship and society.

20. By reason of the nature and severity of the injuries, Plaintiffs have been caused to incur medical charges and expenses in the past, and it is anticipated that Plaintiffs will continue to incur medical expenses in the future, for the proper caser and treatment of injuries.

21. The above and foregoing acts and/or omissions of the Defendants, resulting in the severe injuries to Martin Woodall, have caused actual damages to Plaintiffs in excess the minimum jurisdictional limits of this Court.

## F. Consortium Claim

22. At all times here and relevant the Plaintiff, Julie Woodall, was the lawful wife of the Plaintiff, Martin Woodall.

23. As a result of the Plaintiff, Martin Woodall's injuries, the Plaintiff, Julie Woodall, has suffered a loss of companionship, society, consortium, aid, comfort, and services of the Plaintiff, Martin Woodall, a claim for which is hereby made.

## G. Prayer

24. For the reasons presented herein, Plaintiffs pray that Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs

recover judgment against Defendants for:

      a.    actual damages;
      b.    prejudgment and post-judgment interest beginning September 4, 2015;
      c.    costs of suit; and
      d.    all other relief the Court deems proper.

Respectfully submitted,

**The TRACY firm**

/s/ E. Todd Tracy
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
Stewart D. Matthews
State Bar No. 24039042
smatthews@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
acounts@vehiclesafetyfirm.com
4701 Bengal Street
Dallas, Texas 75235
(214) 324-9000 Phone
(972) 387-2205 Fax
**ATTORNEYS FOR PLAINTIFFS**